IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WILBERT SOWELL, JR.,** | \* | |
| | \* | |
| Plaintiff, | \* | |
| | \* | **Civil No. TMD 12-3371** |
| v. | \* | |
| | \* | |
| | \* | |
| **CAROLYN W. COLVIN,** | \* | |
| **Acting Commissioner of Social Security,** | \* | |
| | \* | |
| Defendant. | \* | |
| | \*\*\*\*\*\*\*\*\*\*\*\* | |

## MEMORANDUM

This matter is before the Court on Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (the "EAJA") (ECF Nos. 32, 33), Defendant's Response (ECF No. 34), and Plaintiff's Reply (ECF No. 35). For the reasons stated below, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**.

Under the EAJA, a "prevailing party" in any civil action brought by or against the United States, "including proceedings for judicial review of agency action," is entitled to recover reasonable fees and expenses incurred in the proceeding. 28 U.S.C. § 2412(d)(1)(A). The prevailing party is not entitled to such fees and expenses, however, if the Court finds that the position of the United States was "substantially justified." *Id.* In this case, the parties agree that Plaintiff is a "prevailing party" entitled to attorney's fees under the EAJA and that the position of the United States was not "substantially justified." The parties do dispute, however, the reasonableness of the number of hours of work claimed by Plaintiff's counsel. In his Motion, Plaintiff claimed that his counsel was entitled to an award of $9,375.00 in compensation for 50.9 hours of attorney work at a rate of $175 per hour, 0.75 hour of paralegal work at a rate of $90 per

hour, and a filing fee of $400.00, for a total of $9,375.00. Defendant opposed Plaintiff's request, arguing that, among other things, the 32.2 hours claimed by Plaintiff's counsel for researching and writing his Memorandum in Support of his Motion for Summary Judgment were excessive. Defendant maintains that 24 hours is appropriate and that the Court should award attorney's fees in the amount of $5,595.50 plus $350 in costs for the filing fee. In light of Defendant's objections, Plaintiff amended his request to $7,030.50 in fees plus costs in the amount of $350.00 for the filing fee, but disputes that the 32.2 hours that counsel spent on preparing his Memorandum in Support of his Motion for Summary Judgment are excessive.

> Once the district court determines that plaintiffs have met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the "task of determining what fee is reasonable." "A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee." However, "[w]here settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." Counsel "should submit evidence supporting the hours worked," and exercise "'billing judgment'" with respect to hours worked. "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."

*Hyatt v. Barnhart*, 315 F.3d 239, 253-54 (4th Cir. 2002) (alteration in original) (citations omitted). "The district court is accorded 'substantial discretion in fixing the amount of an EAJA award,' but is charged with the duty to ensure that the final award is reasonable." *Id.* at 254 (citation omitted). "In sum, the EAJA provides that attorneys for a prevailing party should be paid 'for all time reasonably expended on a matter,' but the EAJA should not 'produce windfalls to attorneys.'" *Id.* "Courts within this circuit have held . . . that in typical Social Security cases it is reasonable for an attorney to expend between twenty and forty hours." *Roth v. Comm'r, Soc. Sec.*, Civil Case No. SAG-14-62, 2015 WL 567168, at *3 (D. Md. Feb. 10, 2015) (citing cases and determining that spending 43.16 hours to prepare and draft plaintiff's motion for summary judgment was excessive).

2

In disputing the number of hours worked by Plaintiff's counsel on his Motion for Summary Judgment, Defendant maintains that (1) Plaintiff's brief was only over 20 pages and contained 14 pages of argument; (2) Plaintiff raised only four issues in his Memorandum that were not novel; (3) the argument considered by the Court on which he prevailed consisted of only 1.5 pages; and that (4) the 445-page transcript in this case was not lengthy.  Def.'s Resp. 5-6, ECF No. 34.  Plaintiff asserts, however, that he provided many reasons for remand and that, generally in Social Security cases, the record is voluminous and complex, there are many documents to review, and all arguments in favor of a plaintiff's case must be properly developed.  Pl.'s Mem. Supp. Mot. 2, ECF No. 33.  He also points out that his counsel in this matter before the Court was not the attorney of record in the administrative proceedings before the Social Security Administration.  Pl.'s Reply 2, ECF No. 35.

In arguing the reasonableness of the hours claimed by his counsel, Plaintiff maintains that "courts cannot drastically reduce awards simply because the attorney has requested compensation for more than forty hours or make reductions with a target number in mind." *Id.* at 4 (quoting *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (per curiam)).  Rather, courts "must explain why the amount of time requested for a particular task is too high.  Any other approach fails to give deference to the winning lawyer's professional judgment . . . ." *Costa*, 690 F.3d at 1136.  The court in *Costa* found that the magistrate judge's reduction by nearly one-third of the hours requested by the plaintiff's counsel was improper because the magistrate judge merely found that the issues in the case were not novel or complex and that the brief was not very long. *Id.* at 1136-37.  The magistrate judge in that case also did not explain why the amount of time that he ultimately allotted to the plaintiff's counsel's preparation of supplemental and reply memoranda was reasonable. *Id.* at 1137.

In light of the circumstances of this case, the Court finds that the amount of time expended by Plaintiff's counsel in preparing his Memorandum in Support of his Motion for Summary Judgment is reasonable.  The Court thus grants Plaintiff's request under the EAJA for attorney's fees in the amount of $7,030.50 and for costs in the amount of $350.00.

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (ECF No. 32) is **GRANTED IN PART** and **DENIED IN PART**.  A separate order shall issue.


Date: April 1, 2015                                             /s/
                                                   Thomas M. DiGirolamo
                                                   United States Magistrate Judge